UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KENNETH OGG | ) | |
| | ) | |
| v. | ) | No. 3:11-0710 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

ORDER

Pending before the Court is the Government's Motion To Dismiss (Docket No. 5). Through the Motion, the Government seeks to dismiss the Petitioner's Motion To Vacate Or Set Aside Pursuant To 28 U.S.C. § 2255 (Writ Of Habeas Corpus) (Docket No. 1). The Motion To Dismiss (Docket No. 5) is DENIED for the reasons set forth below.

The Government argues that the Petitioner's Motion To Vacate should be dismissed because (1) the Petitioner has not exhausted his administrative remedies; and (2) the Motion is barred by the Petitioner's plea agreement.

Regarding the first argument for dismissal, the Government construes the Petitioner's Motion To Vacate as a request for the Court to remove the two-level increase for possession of a firearm in the Judgment and allow the Petitioner to participate in the Bureau of Prison's Residential Drug Abuse Program, which would result in a one-year reduction in his sentence. Such a request, according to the Government, should first be made to the Bureau of Prisons, and not to this Court. In his Response (Docket No. 6) to the Government's Motion, the Petitioner makes clear, however, that through his Motion To Vacate, he seeks to challenge the voluntariness of his plea of guilty, and raise an ineffective assistance of counsel claim. Because those claims are not subject to an administrative exhaustion requirement, the Government's motion to dismiss based on exhaustion grounds is denied.

As for the second ground, the Government argues that this action is barred by the Petitioner's waiver, through his Plea Agreement, of the right to attack his sentence in a Section 2255 motion except for a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. As noted above, however, the Petitioner's subsequent filings make clear that he is raising claims of involuntariness and ineffective assistance of counsel. Accordingly, the Government's motion to dismiss on that basis is denied.

Also pending before the Court is the Petitioner's Motion To Withdraw Habeas Petition To Comply With Rule 5.1 Of The Federal Rules Of Civil Procedure (Docket No. 7). Through the Motion, the Petitioner seeks to withdraw his pending Section 2255 Motion To Vacate (Docket No. 1) in order to comply with Federal Rule of Civil Procedure 5.1, which requires notice to the Attorney General for certain constitutional challenges to federal statutes.

The Motion is DENIED as compliance with Rule 5.1 does not require dismissal of the pending Motion To Vacate.

Petitioner shall have until September 30, 2011 in which to file an amended motion to vacate that includes all claims Petitioner seeks to raise. The Government shall file its response to the amended petition on or before October 31, 2011, and the Petitioner shall file any reply on or before November 21, 2011.

It is so ORDERED.

                                                TODD J. CAMPBELL
                                                UNITED STATES DISTRICT JUDGE