UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENNETH OGG ) | |
| ) | |
| v. ) | No. 3:11-0710 |
| ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA ) | |

MEMORANDUM

I. Introduction

Pending before the Court are a Motion To Vacate Or Set Aside Pursuant To 28 U.S.C. § 2255 (Writ Of Habeas Corpus) (Docket No. 1); an Amended Petition (Docket No. 11); and a document entitled "Traverse" (Docket No. 16), all filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response (Docket No. 15).

For the reasons set forth below, the Court concludes that Petitioner's Motion To Vacate (Docket No. 1), Amended Petition (Docket No. 11), and Traverse (Docket No. 16) are DENIED, and this action is DISMISSED.

The Petitioner has also filed a Motion For Intervention As Of Right (Docket No. 17), through which he requests that he be permitted to submit additional Congressional Journals, and that the Government be required to submit Congressional Journals, regarding the constitutionality of the Controlled Substances Act of 1970. The Motion is DENIED, as the Court finds consideration of such materials to be unnecessary to resolve the issues raised by the Petitioner.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in an Indictment with conspiracy to distribute, and possess with intent to distribute, 100 kilograms or more of

marijuana, in violation of 21 U.S.C. § 846. (Indictment (Docket No. 1 in Case No. 3:10-00117)). Named as Co-Defendants in the Indictment were Jamie French, Mark Gaskins, Ivan Gomez, and Brenda Maldonado. Id. Petitioner pled guilty to the charge in the Indictment pursuant to a Plea Agreement, in which the Government agreed to consider filing a substantial assistance motion if the Petitioner provided cooperation to law enforcement authorities. (Docket Nos. 109, 110 in Case No. 3:10-00117). The parties also agreed in the Plea Agreement that the Petitioner would receive a two-level enhancement for possession of a firearm pursuant to Section 2D1.1(b)(1) of the Sentencing Guidelines. (Id., at ¶ 10).

The Court subsequently sentenced the Petitioner to a total term of 46 months of imprisonment after granting the Government's substantial assistance motion. (Docket Nos. 153, 154 in Case No. 3:10-00117). Without the grant of the substantial assistance motion, the Petitioner was subject to a mandatory minimum sentence of five years, and a Sentencing Guideline Range of 70-87 months of imprisonment. (Docket No. 154 in Case No. 3:10-00117). The record indicates that the Petitioner did not file a notice of appeal.

### III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated on the following grounds: (1) he received the ineffective assistance of counsel; (2) he did not knowingly and voluntarily enter a plea of guilty; and (3) the Court was without jurisdiction to adjudicate his criminal case.

B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to

2

have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778,

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed all the files, records, transcripts and correspondence filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

In order to show actual prejudice in the guilty plea context, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have

4

pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner claims that trial counsel was ineffective because he told the Petitioner that he would ask the Court to recommend Petitioner's participation in the Bureau of Prisons' Residential Drug Abuse Program ("RDAP"), and that Petitioner believed he would receive a one-year reduction in his sentence upon completion of the program. Petitioner further states that he is currently participating in the program, but that he will not receive a reduction in his sentence after completion of the program due to the firearm enhancement applied at sentencing. Petitioner contends that he would not have pled guilty if he had known that he would not receive a reduction in sentence after completion of the program. According to the Petitioner, "[h]e was led to believe that even with the plea agreement, once his Counsel asked the Court to admit him into the substance abuse program, he would of necessity receive the one year off." (Docket No. 6, at 2).

Petitioner does not offer any support in the record for his contention that counsel advised him that he would receive a reduction in his sentence for completion of RDAP if he entered a guilty plea. Petitioner does not cite to any section of the Plea Agreement in which a reduction in sentence for substance abuse treatment is mentioned as part of the agreement between the parties. Because the Bureau of Prisons makes decisions about whether an inmate may participate in a particular program during incarceration, it is unlikely that the United States Attorney, on his own authority, could make such an agreement. See United States v. Jackson, 70 F.3d 874, 877-78 (6th Cir. 1995)(". . . it is solely within the authority of the Federal Bureau of Prisons

5

('Bureau') to select those prisoners who will be best served by participation in [drug rehabilitation] programs.") As the Court advised the Petitioner at sentencing, and as stated in the Judgment, the Court's recommendation that a defendant receive substance abuse treatment does not bind the Bureau of Prisons.

Even if counsel had made such a representation to the Petitioner, the Court is not persuaded that Petitioner has demonstrated any resulting prejudice. Petitioner has not shown a reasonable probability that he would have rejected a Plea Agreement through which he received a 14-month reduction from the mandatory minimum sentence of five years, and a 24-month reduction from the bottom of the applicable Sentencing Guideline Range of 70 to 87 months, upon learning that a potential one-year sentence reduction for completion of RDAP was not available. Accordingly, the Court concludes that Petitioner's ineffective assistance of counsel claim is without merit.[2]

D. Voluntariness of Guilty Plea

Petitioner appears to also contend that he did not knowingly and voluntarily enter his guilty plea because, at the time he entered the plea, he believed he would receive a reduction in his sentence after completion of RDAP. As discussed above, Petitioner's purported reliance on such a potential reduction in sentence was not reasonable. Petitioner does not cite to any mention of such a potential reduction in sentence in his Plea Agreement. Indeed, the Plea

---

[2] To the extent Petitioner requests that the Court remove the firearm enhancement applied at sentencing, the request is denied. Petitioner has cited no authority permitting the Court to modify the Judgment in such a fashion at this stage of the proceedings. See Fed.R.Crim.P. 35, 36; United States v. Robinson, 368 F.3d 653, 656-57 (6th Cir. 2004); United States v. Malcolm, 114 F.3d 1190 [Table], 1997 WL 311416 (6th Cir. June 11, 1997).

6

Agreement states that: "No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below." (Docket No. 110, at ¶ 31, in Case No. 3:10-00117). Petitioner signed the Plea Agreement, and indicated his assent to its terms during the change of plea hearing. (Docket Nos. 109, 110 in Case No. 3:10-00117). Accordingly, the Court concludes that Petitioner's claim that he did not knowingly and voluntarily enter a plea of guilty is without merit.[3]

E. Jurisdiction

Petitioner also argues that the Court was without jurisdiction to adjudicate his criminal case based on the following theories: (1) "The Court lacked subject matter jurisdiction as the United States did not show they owned or were ceded the land;" (2) "The Court lacked jurisdiction where the indictment failed to establish jurisdiction and a commerce nexus;" (3) "Title 18 and Title 21 were never properly ratified or enacted by Congress; thus they are not positive law and unconstitutional;" (4) "There were only two Article III courts established; thus this court is without judicial powers to settle criminal matters;" (5) "Grand jury seated consisted of citizens outside the territorial composition of where Article III jurors are to be drawn;" and (6) "The Constitution only authorizes the federal government to set the penalties for three crimes." (Docket No. 11, at 5).

As for the first argument, the Petitioner has not shown that the statute under which he

---

[3] Petitioner also mentions in his Amended Petition that he did not receive a mental evaluation prior to entering a guilty plea. (Docket No. 11, at 3). Petitioner does not allege, however, that he was not mentally competent to enter the guilty plea, nor does he even allege that a competency evaluation was necessary. Therefore, any claim that the guilty plea was not valid due to the absence of a mental evaluation is without merit.

7

was charged, 21 U.S.C. § 846, requires that the offense take place on land owned by the United States. In United States v. Daniels, 2011 WL 768704 (D. Ha. Feb. 23, 2011), the district court for the District of Hawaii addressed and rejected a very similar argument:

> Petitioner argues that the Court lacked subject-matter jurisdiction because the United States 'did not show they owned or was [sic] ceded the land.' ('Supplement' to Petition at 5 (Doc. 139–1). Petitioner also argues that the Court lacks power over his case because it is not an Article III court.
>
> Subject matter jurisdiction is necessary for the court to have power to hear a particular type of case. United States v. Morton, 467 U.S. 822, 827, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984). Under Article III of the United States Constitution, the judicial power of the United States is vested in 'such inferior Courts as Congress may from time to time establish.' United States v. Delgado–Garcia, 374 F.3d 1337 (D.C.Cir.2004); U.S. Const., art III, § 2. Congress has provided federal district courts with 'original jurisdiction ... of all offenses against the United States.' 18 U.S.C. § 3231.
>
> The United States District Court of Hawaii is an Article III court. Smalls v. United States, 471 F.3d 186, 192 (D.C.Cir.2006). United States District Courts have 'original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.' 18 U.S.C. § 3231. Subject matter jurisdiction over criminal prosecutions is conferred on federal courts by an indictment that charges the defendant with an offense against the United States. See United States v. Ratigan, 351 F.3d 957, 963 (9th Cir.2003); United States v. Jackson, 313 F.3d 231, 233 (5th Cir.2002).
>
> Petitioner was indicted for violating offenses against the United States under 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. (See Indictment (Doc. 10)). There is no requirement that the offenses set forth in these statutes be committed on federal land in order to constitute offenses against the United States. See 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2; United States v. Irarte–Ortega, 113 F.3d 1022 (9th Cir.1997); United States v. Basinger, 60 F.3d 1400 (9th Cir.1995). Because Petitioner was indicted for violated offenses against the United States, the Court had subject-matter jurisdiction over Petitioner's criminal prosecution.

Daniels, 2011 WL 768704, at *3.

The Court agrees with the reasoning of the Daniels court, and concludes that this Court had subject matter jurisdiction over Petitioner's criminal prosecution for violation of 21 U.S.C. §

846.

As for the Petitioner's second argument, the courts have long held that Congress validly exercised its power under the Commerce Clause in enacting the drug trafficking statutes, even if those statutes reach conduct that occurs only within the state. See, e.g., United States v. Brown, 276 F.3d 211, 214-15 (6th Cir. 2002)(The defendants' argument "has been soundly rejected by this circuit as well as every other circuit to address the issue."); United States v. Collier, 246 Fed. Appx. 321, 2007 WL 2461870 (6th Cir. Aug. 29, 2007). Accordingly, the Court concludes that Congress had the power to enact the statute under which the Petitioner was charged, and therefore, Petitioner's second argument is without merit.

Next, Petitioner argues that Title 18 and Title 21 are unconstitutional because Congress failed to properly enact them into "positive law." This argument was also addressed and rejected by the Daniels court:

> Petitioner argues that Titles 18 and 21 of the U.S.C. are unconstitutional because they were not properly ratified into 'positive law.' Defendant argues that until Congress enacts a title of the United States Code into 'positive' law, the title has no legal force.
>
> This argument is frivolous and rests on a misunderstanding of what it means for a statute to be enacted into positive law. Whether a statute has been enacted into positive law only concerns where one looks to find the official wording of the statute. See 1 U.S.C. § 204(a). Although a statute has not been enacted into positive law, the statutes at large in the United States Code constitute prima facie 'legal evidence' of the laws of the United States. 1 U.S.C. § 112 (1982). Title 18 has been enacted into positive law. Cohen v. United States, 2010 WL 1962058, at *2 (D.Ariz. 2010). But even if Title 18 had not been enacted into positive law, it would still be enforceable. Whether or not a statute has been enacted into 'positive law' has only evidentiary significance, and has no effect on the underlying validity of the enactment. Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir.1985) (holding that Title 26 is enforceable even though it was not enacted into positive law).
>
> As numerous courts have held, the failure to enact a title into 'positive law'

9

> does not render the underlying enactment invalid. See, e.g., Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir.1985); Five Flags Pipeline, Co. v. Department of Transportation, 854 F.2d 1438, 1440 (D.C.Cir.1988); United States National Bank of Oregon v. Independent Insurance Agents, 508 U.S. 439, 448, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993); United States v. O'Connor, 737 F.2d 814, 819 (9th Cir.1984). Petitioner's argument that the statutes under which he was convicted are unconstitutional because they were not enacted into positive law manifestly fails. Title 21 was enacted into positive law, but even if it were not, that would have no bearing on its constitutionality or enforceability.

Daniels, 2011 WL 768704, at 3-4.

The Sixth Circuit has also rejected the "positive law" argument:

> Congress's failure to approve the specific placement of Title 21 does not affect the validity of the underlying legislation. As the Tenth Circuit has noted, 'the fact that Title 21 has not yet been "revised, codified, and enacted into positive law" in accordance with the legislative agenda noted in the preface to the United States Code does not render the substantive law it records a nullity.' Wilson v. United States, No. 90-6341, 1991 WL 216477, *2, 1991 U.S.App. LEXIS 26092, *3-*4 (10th Cir.1991). Thus, challenges on these grounds are frivolous. Id. at *2, 1991 WL 216477, at *1.

Goldsby v. United States, 152 Fed.Appx. 431, 441, 2005 WL 2572362, 8 (6th Cir. Oct. 12, 2005).

Based on this reasoning, Petitioner has failed to establish that Title 21 is unconstitutional for failure of Congress to enact it into "positive law." Petitioner's third argument is without merit.

Next, Petitioner contends that this Court is not an Article III court with the power to settle criminal matters. Article III of the United States Constitution provides that the judicial power of the United States shall be vested in one Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Pursuant to this provision, Congress created the district courts, 28 U.S.C. § 132 ("There shall be in each judicial district a district court . . ."); 28 U.S.C. § 123 (Establishing the three judicial districts in Tennessee: Eastern,

10

Middle and Western), and conferred on the district courts "original jurisdiction. . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. Accordingly, the Court concludes that it had jurisdiction to adjudicate Petitioner's criminal case, and Petitioner's fourth argument is without merit.

Petitioner's next argument is a challenge to the territorial composition of the grand jury. Petitioner appears to argue that grand jurors are to be selected from the territorial jurisdiction of the federal government which is "not anywhere in the State." (Docket No. 11, at 20). Both the Sixth Amendment and the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861, *et seq.*, guarantee the right to grand and petit juries selected at random from a fair cross section of the community in the district or division where the court convenes. 28 U.S.C. § 1861; United States v. Fantroy, 146 Fed. Appx. 808, 813, 2005 WL 2089841 (6th Cir. Aug. 30, 2005). Petitioner does not cite any authority to support his argument that jurors must be selected from some federal territory that is "not anywhere in the State," nor does he argue that the grand jury in this case failed to comprise a fair cross section of the Middle District of Tennessee. See United States v. Daniels, 2011 WL 768704, at *4-5. Accordingly, Petitioner's fifth argument is without merit.

Finally, the Petitioner argues that the United States Constitution only authorizes the federal government to set the penalty for three crimes, which he identifies as counterfeiting, piracy, and treason. As discussed above, however, the courts have specifically upheld Congressional power to enact the federal drug trafficking statutes. See, e.g., United States v. Brown, 276 F.3d at 214-15 (The defendants' argument "has been soundly rejected by this circuit as well as every other circuit to address the issue."); United States v. Collier, supra. In addition, the courts have specifically rejected the argument that the authority of Congress is limited to

11

penalizing the three crimes specifically mentioned in the Constitution. United States v. Stonerock, 363 Fed. Appx. 338, 2010 WL 273809 (6th Cir. Jan. 26, 2010); Daniels, 2011 WL 768704, at *4. Accordingly, Petitioner's sixth argument is without merit.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE